■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE WILLIAMS, Appellant. [604 NYS2d 390] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant was indicted for murder in the second degree for causing the death of a 53-day-old infant. The cause of death was massive internal bleeding from injuries to the liver and mesentery as the result of blunt trauma to the abdomen from a hard blow or forceful squeezing. After a

nonjury trial, defendant was convicted of manslaughter in the second degree.

The evidence against defendant was entirely circumstantial. To establish guilt upon circumstantial evidence beyond a reasonable doubt, "the hypothesis of guilt should flow naturally from the facts proved, and be consistent with them; and the facts proved must exclude 'to a moral certainty' every reasonable hypothesis of innocence" *(People v Benzinger,* 36 NY2d 29, 32; *see also, People v Wong,* 81 NY2d 600).

Upon our review of the record, we conclude that there was not sufficient evidence to support the conviction. The People's admissible proof established that, on the date of the fatal injuries, defendant was alone with the infant for about 1½ hours and that, when the mother returned to their apartment, it appeared to her that the infant had been crying. The proof further established that both defendant and the mother had each spent time alone with the infant, and that at other times the infant had been in the company of both parents. At most, the proof showed that it was possible for defendant to have inflicted the fatal injuries, but it did not exclude to a moral certainty every reasonable hypothesis of innocence. "The result in this case is an especially difficult one because of the heinousness of the crime * * * Nonetheless, we are duty bound to reverse * * * because the alternative * * * is an unacceptable option in a system that is based on personal accountability and presumes each accused to be innocent until proven otherwise" *(People v Wong, supra,* at 610-611).

Defendant's conviction is reversed and the indictment dismissed *(see,* CPL 470.20 [2]). In light of our determination, we do not consider defendant's remaining contentions. (Appeal from Judgment of Jefferson County Court, Clary, J.—Manslaughter, 2nd Degree.) Present—Callahan, J. P., Balio, Lawton, Boomer and Boehm, JJ.